1   Michael J. Wise, Bar No. 143501
    MWise@perkinscoie.com
2   Lauren Sliger, Bar No. 213880
    LSliger@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park East, Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 9 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

6   Attorneys for Plaintiff
    RUYAN INVESTMENT (HOLDINGS) LIMITED
7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  RUYAN INVESTMENT                 **LACV 11-6268**PSG(FFMx)
    (HOLDINGS) LIMITED,
12  a British Virgin Islands company,   **RUYAN'S COMPLAINT FOR
                                        PATENT INFRINGEMENT**
13                 Plaintiff,
                                        **DEMAND FOR JURY TRIAL**
14          v.

15  VAPOR CORP., a Nevada
    Corporation; LOAD AND FOLD dba
16  MAGIC PUFFER, a New Jersey
    Corporation; GIL CYPHERT, an
17  individual dba NU 1S; JEFFREY
    ORTH, an individual dba JANTY
18  USA; JANTY USA, LLC, a Texas
    Limited Liability Company; CN
19  CREATIVE LIMITED, a United
    Kingdom company; INTELLICIG
20  USA LLC, a Georgia Limited Liability
    Company; and DOES 1-10, inclusive,
21
                   Defendants.
22

23          For its Complaint against Defendants Vapor Corp.; Load and Fold dba Magic

24  Puffer; Gil Cyphert dba Nu 1s; Jeffrey Orth dba Janty USA; Janty USA, LLC; CN

25  Creative Limited; Intellicig USA LLC; and DOES 1-10, inclusive (collectively,

26  "Defendants"), Plaintiff Ruyan Investment (Holdings) Limited ("Ruyan") alleges as

27  follows:

28

1  Michael J. Wise, Bar No. 143501
   MWise@perkinscoie.com
2  Lauren Sliger, Bar No. 213880
   LSliger@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.788.3399

6  Attorneys for Plaintiff
   RUYAN INVESTMENT (HOLDINGS) LIMITED
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 RUYAN INVESTMENT                     Case No.
   (HOLDINGS) LIMITED,
12 a British Virgin Islands company,    **RUYAN'S COMPLAINT FOR
                                        PATENT INFRINGEMENT**
13              Plaintiff,
                                        **DEMAND FOR JURY TRIAL**
14     v.

15 VAPOR CORP., a Nevada
   Corporation; LOAD AND FOLD dba
16 MAGIC PUFFER, a New Jersey
   Corporation; GIL CYPHERT, an
17 individual dba NU 1S; JEFFREY
   ORTH, an individual dba JANTY
18 USA; JANTY USA, LLC, a Texas
   Limited Liability Company; CN
19 CREATIVE LIMITED, a United
   Kingdom company; INTELLICIG
20 USA LLC, a Georgia Limited Liability
   Company; and DOES 1-10, inclusive,
21
                Defendants.
22

23     For its Complaint against Defendants Vapor Corp.; Load and Fold dba Magic

24 Puffer; Gil Cyphert dba Nu 1s; Jeffrey Orth dba Janty USA; Janty USA, LLC; CN

25 Creative Limited; Intellicig USA LLC; and DOES 1-10, inclusive (collectively,

26 "Defendants"), Plaintiff Ruyan Investment (Holdings) Limited ("Ruyan") alleges as

27 follows:

28

**JURISDICTION AND VENUE**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

2.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because they solicit and conduct business in California, including the provision of goods over the Internet, derive revenue from goods sold in California and within this judicial district, and have committed acts of infringement in this judicial district.

4.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**PARTIES**

5.      Plaintiff Ruyan is a company organized and existing under the laws of the British Virgin Islands, with its principle place of business at 15F, Hong Kong and Macau Building, 156-157 Connaught Rd., Central, Hong Kong, S.A.R.  Ruyan is a leading innovator in the field of electronic smokeless nicotine products.

6.      Ruyan is informed and believes that: Defendant Vapor Corp. ("Vapor Corp.") is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at 3001 Griffin Road, Dania Beach, Florida, 33312.  Vapor Corp. is doing business in this judicial district related to the claims asserted in this Complaint.

7.      Ruyan is informed and believes that: Defendant Load and Fold dba Magic Puffer ("Magic Puffer") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 110 Meadowlands Pkwy, Suite 100, Secaucus, New Jersey  07094-2313.  Magic Puffer is doing business in this judicial district related to the claims asserted in this Complaint.

Complaint for Patent Infringement

1        8.     Ruyan is informed and believes that: Defendant Gil Cyphert, an

2   individual doing business as Nu 1s ("Nu 1s"), has his principal place of business in

3   Phoenix, Arizona 85015.  Nu 1s is a registered trade name with the Arizona

4   Secretary of State.  Nu 1s is doing business in this judicial district related to the

5   claims asserted in this Complaint.

6        9.     Ruyan is informed and believes that: Jeffrey Orth, an individual doing

7   business as Janty USA ("Janty USA"), has a business address at 230 Scott Street,

8   Unit 2C, Buffalo, New York 14204.  Janty USA is doing business in this judicial

9   district related to the claims asserted in this Complaint.

10       10.    Ruyan is informed and believes that: Defendant Janty USA, LLC

11  ("Janty USA, LLC") is a Texas limited liability company, having its principal place

12  of business in Fort Worth, Texas 76137.  Janty USA, LLC is doing business in this

13  judicial district related to the claims asserted in this Complaint.

14       11.    Ruyan is informed and believes that: Defendant CN Creative Limited

15  ("CN Creative") is a company organized and existing under the laws of the United

16  Kingdom, having its principal place of business in Accrington, Lancashire, United

17  Kingdom.  CN Creative is doing business in this judicial district related to the

18  claims asserted in this Complaint.

19       12.    Ruyan is informed and believes that: Defendant Intellicig USA LLC

20  ("Intellicig USA") is a company organized and existing under the laws of the State

21  of Georgia, having its principal place of business at 1590 Roberts Road NW,

22  Kennesaw, Georgia 30144.  Intellicig USA is doing business in this judicial district

23  related to the claims asserted in this Complaint.

24       13.    The true names and capacities, whether individual, corporate,

25  associate, otherwise of defendants sued herein as DOES 1 through 10, inclusive, are

26  unknown to Ruyan at the present time, and Ruyan therefore sues said Defendants

27  by such fictitious names.  Ruyan, after obtaining leave of court, if necessary, will

28

1    amend this Complaint to show such true names and capacities when the same have

2    been ascertained.

3                            **FIRST CAUSE OF ACTION**

4                    (Infringement of U.S. Patent No. 7,832,410)

5           14.    Ruyan incorporates by reference the allegations contained in

6    paragraphs 1-13 above.

7           15.    Ruyan is the owner of the entire right, title, and interest in and to

8    United States Patent No. 7,832,410 ("the '410 Patent").  The '410 Patent was duly

9    and legally issued by the United States Patent Office on November 16, 2010 and is

10   valid and subsisting and in full force and effect.  A copy of the '410 Patent is

11   attached to the Complaint as Exhibit A.

12          16.    Ruyan is informed and believes that: Defendants have each infringed,

13   contributed to the infringement of, and/or actively induced infringement of the '410

14   Patent by, themselves and/or through their agents, unlawfully and wrongfully

15   making, using, importing, offering to sell, and/or selling electronic cigarette

16   products embodying one or more of the inventions claimed in the '410 Patent,

17   within and/or from the United States without permission or license from Ruyan,

18   and will continue to do so unless enjoined by this Court.

19          17.    Ruyan is informed and believes that: Defendant Vapor Corp. has

20   infringed, contributed to the infringement of, and/or actively induced infringement

21   of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully

22   making, using, importing, offering to sell, and/or selling electronic cigarette

23   products, including, but not limited to, the Fifty-One Trio electronic cigarette, that

24   embody one or more of the inventions claimed in the '410 Patent.

25          18.    Ruyan is informed and believes that: Defendant Magic Puffer has

26   infringed, contributed to the infringement of, and/or actively induced infringement

27   of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully

28   making, using, importing, offering to sell, and/or selling electronic cigarette

products, including, but not limited to, the Magic Puffer E-Cigarette electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

19.     Ruyan is informed and believes that: Defendant Nu 1s has infringed, contributed to the infringement of, and/or actively induced infringement of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products, including, but not limited to, the Nu1s Disposable E-CIG electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

20.     Ruyan is informed and believes that: Defendant Janty USA has infringed, contributed to the infringement of, and/or actively induced infringement of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products, including, but not limited to, the Janty DURA electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

21.     Ruyan is informed and believes that: Defendant Janty USA, LLC has infringed, contributed to the infringement of, and/or actively induced infringement of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products, including, but not limited to, the Janty DURA electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

22.     Ruyan is informed and believes that: Defendant CN Creative has infringed, contributed to the infringement of, and/or actively induced infringement of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products, including, but not limited to, the EVOlution electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

23.     Ruyan is informed and believes that: Defendant Intellicig USA has infringed, contributed to the infringement of, and/or actively induced infringement

1  of the '410 Patent by, itself and/or through its agents, unlawfully and wrongfully

2  making, using, importing, offering to sell, and/or selling electronic cigarette

3  products, including, but not limited to, the EVOlution electronic cigarette, that

4  embody one or more of the inventions claimed in the '410 Patent.

5      24.    Ruyan is informed and believes that: Defendants DOES 1-10 have

6  infringed, contributed to the infringement of, and/or actively induced infringement

7  of the '410 Patent by, themself and/or through their agents, unlawfully and

8  wrongfully making, using, importing, offering to sell, and/or selling electronic

9  cigarette products that embody one or more of the inventions claimed in the '410

10 Patent.

11     25.    Defendants' continuing infringement has inflicted and, unless

12 restrained by this court, will continue to inflict great and irreparable harm upon

13 Ruyan.  Ruyan has no adequate remedy at law.  Ruyan is entitled to preliminary and

14 permanent injunctions enjoining Defendants from engaging in further acts of

15 infringement.

16     26.    As a direct and proximate result of the foregoing acts of Defendants,

17 Ruyan has suffered, and is entitled to, monetary damages in an amount not yet

18 determined.  Ruyan is also entitled to its costs of suit and interest.

19     27.    By way of the present Complaint, Defendants now have notice and

20 knowledge of the '410 Patent and of Ruyan's rights therein.

21     28.    Defendants' continuing acts of infringement, if any, are in conscious

22 and willful disregard for Ruyan's rights, and the resulting damages to Ruyan is such

23 as to warrant the trebling of damages to provide just compensation.

24 ////

25 ////

26 ////

27 ////

28 ////

## **PRAYER FOR RELIEF**

Ruyan requests entry of judgment that:

A.     The '410 Patent is valid and enforceable;

B.     Defendants are liable for infringement, contributory infringement, and inducing infringement of the '410 Patent;

C.     Defendants and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendants, shall be enjoined from directly or indirectly infringing the '410 Patent;

D.     Defendants shall pay damages to Ruyan resulting from Defendants' patent infringement pursuant to 35 U.S.C. § 284;

E.     Defendants' continuing patent infringement has been willful and increase damages awarded to Ruyan three times the amount assessed pursuant to 35 U.S.C. § 284;

F.     This action be determined to be an exceptional case and Ruyan be awarded its attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285;

G.     Ruyan be entitled to prejudgment interest and post-judgment interest on the damages; and

H.     Ruyan be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

DATED: July 29, 2011

Respectfully submitted,

**PERKINS COIE** LLP

By: *Michael J. Wise*
Michael J. Wise

*Attorneys for Plaintiff*
*RUYAN INVESTMENT (HOLDINGS)*
*LIMITED*

1

## **DEMAND FOR JURY TRIAL**

2     Ruyan hereby demands a trial by jury of all issues triable by a jury.

3

4    DATED:  July 29, 2011

                            **PERKINS COIE** LLP

5

6                            By:  *Michael J. Wise*
                                   Michael J. Wise

7                            *Attorneys for Plaintiff*
                            *RUYAN INVESTMENT (HOLDINGS)*

8                            *LIMITED*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

US007832410B2

(12) **United States Patent**

Hon

(10) Patent No.: **US 7,832,410 B2**
(45) Date of Patent: **Nov. 16, 2010**

(54) **ELECTRONIC ATOMIZATION CIGARETTE**

(75) Inventor: **Lik Hon**, Hong Kong (CN)

(73) Assignee: **Best Partners Worldwide Limited**,
Tortola (VG)

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 600 days.

(21) Appl. No.: **10/587,707**

(22) PCT Filed: **Mar. 18, 2005**

(86) PCT No.: **PCT/CN2005/000337**

§ 371 (c)(1),
(2), (4) Date: **Mar. 9, 2007**

(87) PCT Pub. No.: **WO2005/099494**

PCT Pub. Date: **Oct. 27, 2005**

(65) **Prior Publication Data**

US 2007/0267031 A1 Nov. 22, 2007

(30) **Foreign Application Priority Data**

Apr. 14, 2004 (CN) .................... 2004 2 0031182 U

(51) **Int. Cl.**
*A24F 47/00* (2006.01)
*A61M 15/06* (2006.01)

(52) **U.S. Cl.** ............. **131/273**; 128/200.14; 128/202.21;
131/347; 131/359; 131/360

(58) **Field of Classification Search** ................. 131/273,
131/347, 359, 360; 128/200.14, 202.21
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,228,925 A 10/1980 Mendelovich

(Continued)

FOREIGN PATENT DOCUMENTS

CA 2562581 A1 10/2005

(Continued)

OTHER PUBLICATIONS

Australian Patent Office Examination Report for SG 200505930-8
dated May 4, 2006 (3 pages).

(Continued)

*Primary Examiner*—Eric Hug
*Assistant Examiner*—Anthony J Calandra
(74) *Attorney, Agent, or Firm*—Perkins Coie LLP

(57) **ABSTRACT**

The invention relates to an electronic atomization cigarette
which only contains nicotine without harmful tar. The elec-
tronic atomization cigarette includes a shell and a mouth-
piece. The external wall of the shell has an air inlet. An
electronic circuit board, a normal pressure cavity, a sensor, a
vapor-liquid separator, an atomizer, a liquid-supplying bottle
are sequentially provided within the shell, wherein the elec-
tronic circuit board comprises an electronic switching circuit
and a high frequency generator. A stream passage of the
sensor is provided on one side of the sensor, and a negative
pressure cavity is provided in the sensor. The atomizer and the
liquid-supplying bottle is in contact with each other. An
atomization cavity is arranged in the atomizer. A retaining
ring for locking the liquid-supplying bottle is provided
between one side of the liquid-supplying bottle and the shell,
and an aerosol passage is provided on the other side of the
liquid-supplying bottle. The air inlet, normal pressure cavity,
vapor-liquid separator, atomizer, aerosol passage, gas vent
and mouthpiece are sequentially interconnected.

**27 Claims, 5 Drawing Sheets**



**US 7,832,410 B2**

Page 2

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,641,053 A | * | 2/1987 | Takeda ........................ 310/317 |
| 4,848,374 A | * | 7/1989 | Chard et al. ................ 131/330 |
| 4,945,929 A | | 8/1990 | Egilmex |
| 4,945,931 A | | 8/1990 | Gori |
| 5,042,470 A | * | 8/1991 | Kanesaka ............. 128/202.22 |
| 5,080,114 A | | 1/1992 | Rudolph et al. |
| 5,095,921 A | | 3/1992 | Losee et al. |
| 5,190,060 A | | 3/1993 | Gerding et al. |
| 5,322,075 A | | 6/1994 | Deevi et al. |
| 5,666,978 A | | 9/1997 | Counts et al. |
| 5,743,251 A | | 4/1998 | Howell et al. |
| 5,894,841 A | | 4/1999 | Voges |
| 6,040,560 A | | 3/2000 | Fleischhauer et al. |
| 6,178,969 B1 | | 1/2001 | St. Charles |
| 6,196,218 B1 | | 3/2001 | Voges |
| 6,357,671 B1 | * | 3/2002 | Cewers .................... 239/102.2 |
| 6,443,146 B1 | | 9/2002 | Voges |
| 6,532,965 B1 | | 3/2003 | Abhulimen et al. |
| 6,854,461 B2 | | 2/2005 | Nichols et al. |
| 2005/0016550 A1 | * | 1/2005 | Katase ........................ 131/194 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CN | 2047485 | 11/1989 |
| CN | 2047485 U | 11/1989 |
| CN | 1135860 | 11/1996 |
| CN | 2293957 Y | 10/1998 |
| CN | 1252961 | 5/2000 |
| CN | 1196660 A | 3/2010 |
| DE | 100 51 792 | 5/2002 |
| EP | 0 295 122 A2 | 12/1988 |
| EP | 0342538 | 11/1989 |
| EP | 0545186 | 6/1993 |
| EP | 0 824 927 A | 2/1998 |
| EP | 0 845 220 A1 | 6/1998 |
| EP | 0 893 071 A1 | 1/1999 |
| EP | 0 970 627 A1 | 1/2000 |
| GB | 1528391 A | 10/1978 |
| JP | 64-000498 U | 1/1989 |
| JP | 06-114105 A | 4/1994 |
| JP | 07-506999 A | 8/1995 |
| JP | 09-075058 A | 3/1997 |
| UA | 47514 C2 | 12/1997 |
| WO | 97/48293 | 12/1997 |

| | | |
|---|---|---|
| WO | WO 00/49901 | 8/2000 |
| WO | WO 00/50111 | 8/2000 |
| WO | 03/034847 | 1/2003 |
| WO | 03/022364 A1 | 3/2003 |
| WO | WO 03/055486 | 7/2003 |
| WO | WO 03/101454 | 12/2003 |
| WO | 2004/080216 | 9/2004 |
| WO | WO 2004/095955 | 11/2004 |
| WO | WO 2005/099494 | 10/2005 |

### OTHER PUBLICATIONS

Supplementary Partial European Search Report for EP04718242 dated May 22, 2007 (4 pages).

Supplementary European Search Report for EP04718242 dated Jul. 27, 2007 (7 pages).

Supplementary Partial European Search Report for EP05729107 dated May 22, 2007 (4 pages).

Supplementary European Search Report for EP05729107 dated Jul. 31, 2007 (6 pages).

International Search Report for International Application No. PCT/CN2005/000337 dated Jul. 14, 2005 (3 pages).

International Search Report for International Application No. PCT/CN2004/000182 dated Jun. 10, 2004 (2 pages).

Malaysia Intellectual Property Office; Examiner's Report for Malaysian Application No. PI 20041407, dated Sep. 28, 2007.

Australian Patent Office; Singapore Examination Report for Singapore Patent Application No. 0604498-6, mailed May 13, 2008.

Australian Patent Office, Exam Report for AU2004234199 dated Aug. 14, 2009.

Singapore Patent Office, Search and Examination Report for SG200604498-6 dated Apr. 16, 2008.

European Patent Office, Supplementary European Search Report for EP05729107.2 dated Oct. 10, 2007.

Japanese Patent Office, Office Action for JP2006-504199 dated Oct. 30, 2009 (English translation included).

Korean Patent Office, Notice of Preliminary Rejection for KR10-2005-7009767 dated Jul. 27, 2009 (English translation included).

Macau Patent Office, Official Communication for MOI/121 dated Apr. 17, 2009.

Taiwan Intellectual Property Office, Official Letter for TW093111573 dated April 24, 2009 (English translation included).

Ukrainian Patent Office, Examination Report for UK2005-11258 dated Feb. 4, 2009.

* cited by examiner



Fig. 1

Fig. 2



Fig. 3

Fig. 4



Fig. 5

Fig. 6

Case 2:11-cv-06268-GAF-FFM   Document 1   Filed 07/29/11   Page 16 of 26   Page ID #:62



Fig. 7

Fig. 8



US 7,832,410 B2

**1**

### ELECTRONIC ATOMIZATION CIGARETTE

#### TECHNICAL FIELD

The present invention relates to an electronic cigarette, in particular to an electronic atomization cigarette that contains only nicotine without tar.

#### BACKGROUND ART

Despite it is commonly known that "smoking is harmful to your health", the number of smokers worldwide is up to 1 billion, and the number is increasing every year. On Mar. 1, 2003, the World Health Organization (WHO) concluded a global Framework Convention on Tobacco Control. According to the statistical data from WHO, about 4.9 million people die of is diseases caused by smoking each year. Although smoking may cause serious respiratory diseases and cancer, it remains extremely difficult for smokers to quit smoking completely.

The active ingredient in a cigarette is nicotine. During smoking, nicotine, along with a lot of tar aerosol droplets produced in the cigarette burning, enters smoker's alveolus and is rapidly absorbed. After being absorbed into the blood of a smoker, nicotine then produces its effect on the receptors of the smoker's central nervous system, which makes him/her relax and enjoy an inebriety similar to that produced by an exhilarant.

Nicotine is a kind of alkaloid with low molecular weight and its half-life in blood is quite short. The major harmful subsatance in tobacco is tar, tar in tobacco is composed of thousands of ingredients, tens of which are carcinogenic substances. At present it has been proven that passive smoking can be more harmful to non-smokers.

Some cigarette substitutes flat contain only nicotine without tar have been proposed, many of them, such as "nicotine patch", "nicotine mouthwash", "spray agent packaged in high pressure gas tank with propellant", "nicotine chewing gum", "nicotine drink" etc., are made of pure nicotine. Although these cigarette substitutes are free from tar, their major disadvantage is that an effective peak concentration can not be reached in the blood of a smoker due to slow absorption of nicotine and thus it can not make a smoker get real fin, in addition, these cigarette substitutes can not satisfy habitual smoking actions of a smoker, for example, inhaling action or sucking action, and thus are not likely to be widely accepted as effective substitutes for quitting smoking or cigarette substitutes.

#### THE SUMMARY OF THE INVENTION

To overcome the above-referenced drawbacks, an objective of the present invention is to provide an electronic atomization cigarette that may function as a substitute for smoking cessation products or as a cigarette substitute.

The objective of the present invention is achieved by the following technical solution.

The present invention includes a shell; a mouthpiece; an air inlet provided in the external wall of the shell; an electronic circuit board, a normal pressure cavity, a sensor, a vapor-liquid separator, an atomizer, a liquid-supplying bottle arranged sequentially within the shell; a stream passage provided on one side of the sensor; a negative pressure cavity provided in the sensor; an atomization cavity arranged in the atomizer; a retaining ring for locking the liquid-supplying bottle provided between one side of the liquid-supplying bottle and the shell; and an aerosol passage provided on the

**2**

other side of the liquid-supplying bottle, wherein the electronic circuit board comprises an electronic switching circuit and a high frequency generator; the liquid-supplying bottle is in contact with the atomizer; and the air inlet, normal pressure cavity, vapor-liquid separator, atomizer, aerosol passage, gas vent and mouthpiece are sequentially interconnected. A LED and a cell are provided at the front end within the shell, collectively constituting an integrity like a cigarette holder, cigar or a pipe.

Furthermore, a display screen is additionally provided on the inner wall of the shell; a microswitch for manually cleaning is connected to the sensor in parallel connection within the shell; a ripple film is provided between the sensor and the negative pressure cavity inside the sensor; a first magnetic steel, a second magnetic steel and a Reed switch connected between them provided within the sensor, wherein the second magnetic steel is attached to the ripple film: a silicon gel check valve is provided within the sensor, a third magnetic steel is provided in the silicon gel check valve, and a Reed switch is provided outside the valve, on the side close to the magnetic steel; a through hole is arranged on the vapor-liquid separator, a silicon gel check valve covers the through hole on the vapor-liquid separator; an overflow hole is provided on the atomization cavity wall of the atomization cavity, a heating element is provided within the atomization cavity, a long stream ejection hole is provided on one side of the heating element, the porous body is arranged outside around the atomization cavity wall, the first piezoelectric element is provided on one side of the atomizer, and a bulge is provided on the other side; the second piezoelectric element is additionally provided in the atomizer; the porous body in the atomizer can be made of foam nickel, stainless steel fiber felt, high molecule polymer foam and foam ceramic; the heating element can be made of platinum wire, nickel chromium alloy or iron chromium aluminum alloy wire with rare earth element, or may be made into a sheet form with conductive ceramics or PTC ceramics; the atomization cavity wall can be made of aluminum oxide or ceramic; the vapor-liquid separator can be made of plastic or silicon rubber; the solution storage porous body is included in the liquid-supplying bottle, and can be filled with polypropylene fiber, terylene fiber or nylon fiber, or be filled with plastics that are shaped by foaming; alternatively, it may be modeled into a column with laminated layers by polyvinyl chloride, polypropylene, polycarbonate; the Reed switch, the first magnetic steel, the second magnetic steel, the ripple film can be replaced by a semiconductor strain gauge with sealed film, which is mounted in the place of the sensor ripple film.

The present invention also discloses an electronic atomization cigarette with another structure, wherein the atomizer is postposed within the shell, the liquid-supplying bottle is arranged between the vapor-liquid separator and the atomizer, and a spring piece for pressing the liquid-supplying bottle on the atomizer is arranged at one end of the liquid-supplying bottle.

The advantages of the present invention include smoking without tar, significantly reducing the cancerogenic risk. Furthermore users still feel as if they are smoking and experiencing the same excitement, and the cigarette is no need to be lit and is no fire risk.

US 7,832,410 B2

3

With slight modification of the solution storage container, the device and connecting structures of the present invention can be filled with conventional drug for pulmonary administration apparatus.

DESCRIPTION OF THE DRAWINGS

FIG. **1** is a schematic diagram of an overall structure according to the present invention;

FIG. **2** is a schematic diagram of another overall structure according to the present invention;

FIG. **3** is a schematic diagram of a overall structure with a display screen according to the present invention;

FIG. **4** is a structural diagram of a sensor according to the present invention;

FIG. **5** is a structural diagram of a sensor with a silicon gel check valve according to the present invention;

FIG. **6** is a structural diagram of an atomizer according to the present invention;

FIG. **7** is a structural diagram of the ceramic member in an atomizer according to the present invention;

FIG. **8** is a structural diagram of another atomizer according to the present invention;

FIG. **9** is a structural diagram of a vapor-liquid separator according to the present invention;

FIG. **10** is a structural diagram of another vapor-liquid separator according to the present invention;

FIG. **11** is a structural diagram of the connection of a liquid-supplying bottle and a mouthpiece according to the present invention;

FIG. **12** is a functional diagram of a circuit according to the present invention.

DETAILED DESCRIPTION OF THE INVENTION

The present invention is further described below with reference to the accompanying drawings.

Embodiment 1

As shown in FIG. **1**, the present invention can form an integrity like a cigarette holder, a cigar or a pipe. An air inlet **4** is provided on the external wall of the shell **14**. A LED **1**, a cell **2**, an electronic circuit board **3**, a normal pressure cavity **5**, a sensor **6**, a vapor-liquid separator **7**, an atomizer **9**, a liquid-supplying bottle **11** and a mouthpiece **15** are sequentially provided within the shell **14**. The electronic circuit board **3** comprises an electronic switching circuit and a high frequency generator. As shown in FIG. **4**, a negative pressure cavity **8** is provided in the sensor **6** and is separated from the sensor **6** by a ripple film **22**. A first magnetic steel **20**, a second magnetic steel **21** and a Reed switch **19** arranged between them is also provided within the sensor **6**, and the second magnetic steel **21** is attached to the ripple film **22**. The atomizer **9** is in contact with the liquid-supplying bottle **11** via the bulge **36**, and the atomization cavity **10** is provided in the atomizer **9**. As shown in FIGS. **6** and **7**, the overflow hole **29** is provided on the atomization cavity wall **25** of the atomization cavity **10**. A heating element **26**, which can be made of platinum wire, nickel chromium alloy or iron chromium aluminum alloy wire with rare earth element, is provided within the cavity, and can also be made into a sheet form with conductive ceramics or PTC ceramics. An ejection hole is provided on the side opposite to the heating element **26** and the ejection hole can be determined to select either the long stream ejection hole **24** or the short stream ejection hole **30**, depending on the material used for the atomization cavity

4

wall **25**. The long stream ejection hole **24** can employ slot structure of 0.1 mm-1.3 mm or circular hole structure of Φ0.2 mm-1.3 mm with a single and multiple holes. The short stream ejection hole **30** has the diameter of about 0.3 mm-1.3 mm. The atomization cavity wall **25** is surrounded with the porous body **27**, which can be made of foam nickel, stainless steel fiber felt, high molecule polymer foam and foam ceramic. A first piezoelectric element **23** is also provided on the atomizer **9**. The atomization cavity wall **25** can be made of aluminum oxide or ceramic. As shown in FIG. **9**, a through hole is provided on the vapor-liquid separator **7**, and can be made of plastic or silicon rubber. As shown in FIG. **11**, a retaining ring **13** for locking the liquid-supplying bottle **11** is provided between one side of the liquid-supplying bottle **11** and the shell **14**, an aerosol passage **12** is provided on the other side of the liquid-supplying bottle. The solution storage porous body **28** is provided in the liquid-supplying bottle, and can be filled with polypropylene fiber, terylene fiber or nylon fiber, or be filled with plastic that are shaped by foaming, such as polyamine resin foam column or polypropylene foam column; alternatively, it may be made of a column formed by molding polyvinyl chloride, polypropylene, polycarbonate into a stack of laminated layers. The air inlet **4**, normal pressure cavity **5**, vapor-liquid separator **7**, atomizer **9**, aerosol passage **12**, gas vent **17**, mouthpiece **15** are sequentially interconnected.

As shown in the functional diagram of the circuit in FIG. **12**, K**1** refers to the Reed switch **19**, RL refers to the heating element **26**, LED**1** refers to the Light Emitting Diode **1**, U**2** refers to the low voltage detecting element used for the over-discharging protection of the lithium cell, M**1** refers to the first piezoelectric element **23**, and C**1**, C**2**, R**3**, L**1**, C**3**, BG, M**1** collectively constitute a Colpitts oscillator. The operating principle of the circuit is as follows: when K**1** is closed, U**1**, i.e., the field effect power transistor, is turned on, RL starts, and the Colpitts oscillator starts oscillating, M**1** will provide the high frequency mechanical oscillatory wave to the atomizer **9** to achieve the result of atomization.

When a smoker smokes, the mouthpiece **15** is under negative pressure, the air pressure difference or high speed stream between the normal pressure cavity **5** and the negative pressure cavity **8** will cause the sensor **6** to output an actuating signal, the electronic circuit board **3** connected therewith goes into operation. Now the ripple film **22** in the sensor **6** is deformed to take the second magnetic steel **21** away from the Reed switch **19**, and the Reed switch **19** is then closed (i.e., K**1** is closed) under the effect of the excessive magnetic line of force from the first magnetic steel **20**, starting the field effect power. The high frequency oscillator may uses the Colpitts oscillator with the frequency of automatic fine-adjusting element in the circuit resonates with the first piezoelectric element **23** in the form of a ring to supply power to liquid molecule, and the LED **1** can be lit under the supply of the rechargeable battery **2**. The air enters the normal pressure cavity **5** through the air inlet **4**, passes through the air passage **18** of the sensor and then the through hole in the vapor-liquid separator **7**, and flows into the atomization cavity **10** in the atomizer **9**. The high speed stream passing through the ejection hole drives the nicotine solution in the porous body **27** to eject into the atomization cavity **10** in the form of droplet, where the nicotine solution is subjected to the ultrasonic atomization by the first piezoelectric element **23** and is further atomized by the heating element **26**. After the atomization the droplets with large diameter stick to the wall under the action of eddy flow and are reabsorbed by the porous body **27** via the overflow hole **29**, whereas the droplets with small diameter float in stream and forms aerosols, which are sucked out via

EXHIBIT A
Page 17

US 7,832,410 B2

5

the aerosol passage 12, gas vent 17 and mouthpiece 15. The solution storage porous body 28 in the liquid-supplying bottle 11 will be in contact with the bulge 36 on the atomizer 9, thereby achieving the capillary infiltration liquid-supplying.

The mouthpiece 15 is threaded. When the nicotine solution in the liquid-supplying bottle 11 is used up, users can screw the mouthpiece 15 out to take the liquid-supplying bottle 11 out, refill the liquid-supplying bottle 11 with the nicotine solution, put the liquid-supplying bottle 11 into the shell 14 again, and then screw the mouthpiece 15.

The Reed switch 19, the first magnetic steel 20, the second magnetic steel 21, the ripple film 22 can be replaced by a semiconductor strain gauge with sealed film, which is mounted in the place of the sensor ripple film.

To simplify the design, the first piezoelectric element 23 on the atomizer 9 can be omitted, and the atomization of the nicotine solution will be made only by the heating element 26. The size of such an atomizer can be made smaller, and the structure of the connection of the whole electronic atomization cigarette is the same as the embodiment 1. In addition, as shown FIG. 8, the first piezoelectric element 23 and the heating element 26 in the atomizer 9 can be omitted, an additional second piezoelectric element 35 in the form of platen with a single layer or multiple laminated layers can be arranged in the atomization cavity, and the stream passing through the ejection hole vibrates the focus at the center of the second piezoelectric element 35 to achieve the effect of strong ultrasonic atomization.

As shown in FIG. 10, a silicon gel check valve 31 may cover the outside of the through hole on the vapor-liquid separator 7. During smoking, a stream reaches the through hole, as the air pressure in the through hole increases, the silicon gel check valve 31 is opened and the stream passes; otherwise, the silicon gel check valve 31 is closed.

As shown in FIG. 5, the sensor 6 may also be designed into a structure with the silicon gel check valve 31. During smoking, the stream comes into the silicon gel check valve 31, the air pressure increases and the air expands, the third magnetic steel 34 in the valve approaches the Reed switch 19 gradually until the Reed switch is closed and the circuit is turned on, and the air outlet of the silicon gel check valve 31 is opened with the increment of the air pressure difference. The Reed switch 19 can also be made of Hall device or magneto diode or magneto triode instead.

Embodiment 2

As shown in FIG. 2, to improve the liquid-supplying state, the atomizer 9 is postponed within the shell 14, and the liquid-supplying bottle 11 is arranged between the vapor-liquid separator 7 and the atomizer 9. A spring piece 33 for pressing the liquid-supplying bottle 11 on the atomizer 9 is provided on one end of the liquid-supplying bottle 11. Other components and their functions are the same as those in the embodiment 1.

On the inner wall of the shell 14 of the electronic atomization cigarette described in the embodiment 1 and 2, a digital display screen 32 for showing the smoking times per day and the cell capacity can be also provided. The sensor 6 uses a linear signal output, which is proportional to the suction force (i.e., the stronger one sucks, the longer the time of operation is), the atomizer 9 operates in the linear mode, thereby simulating a humanized cigarette that looks like a normal cigarette.

Within the shell 14, the microswitch 16 is connected to the sensor 6 in parallel and used for manually cleaning. When users do not smoke, they press the microswitch 16 to start the

6

sensor 6 connected therewith in parallel, or clean the residue or other impurity substance within the shell 14.

The nicotine solution for atomization contains 0.4-3.5% nicotine, 0.05-2% cigarette essence, 0.1-3.1% organic acid, 0.1-0.5% anti-oxidation agent, and the rest is 1,2-propylene glycol.

What is claimed is:

1. An electronic atomization cigarette, comprising:
   a shell;
   a mouthpiece;
   an air inlet provided on the external wall of the shell;
   a cell, an electronic circuit board, a normal pressure cavity, a sensor, a vapor-liquid separator, an atomizer, a liquid-supplying bottle arranged sequentially within the shell;
   a stream passage provided on one side of the sensor;
   a gas vent;
   a negative pressure cavity provided in the sensor;
   an atomization cavity arranged in the atomizer;
   an aerosol passage provided on one side of the liquid-supplying bottle;
   wherein the liquid-supplying bottle is in contact with the atomizer;
   a ripple film provided between the sensor and the negative pressure cavity within the sensor;
   a first magnetic steel, a second magnetic steel and a magneto device connected between said first and second magnetic steel provided within the sensor, wherein the second magnetic steel is attached to the ripple film; and
   the air inlet, normal pressure cavity, vapor-liquid separator, atomizer, aerosol passage, the gas vent and mouthpiece are sequentially interconnected.

2. The electronic atomization cigarette according to claim 1, wherein the magneto device is a Reed switch.

3. The electronic atomization cigarette according to claim 1, wherein the magneto device is a Hall device.

4. The electronic atomization cigarette according to claim 1, wherein the magneto device is a magneto diode.

5. The electronic atomization cigarette according to claim 1, wherein the magneto device is a magnetic triode.

6. The electronic atomization cigarette according to claim 1, further comprising:
   a silicon gel check valve provided within the sensor;
   a third magnetic steel provided in the silicon gel check valve; and
   a Reed switch provided outside the silicon gel check valve, on a side close to the magnetic steel.

7. The electronic atomization cigarette according to claim 1, further comprising:
   a heating element provided within the atomization cavity;
   a stream ejection hole provided on one side of the heating element; and
   a porous body arranged outside around a wall of the atomization cavity.

8. The electronic atomization cigarette according to claim 1, further comprising:
   a first piezoelectric element provided on one side of the atomizer; and
   a bulge provided on the other side of the atomizer.

9. The electronic atomization cigarette according to claim 7, wherein the stream ejection hole is a long stream ejection hole with 0.1 mm-1.3 mm of slot structure.

10. The electronic atomization cigarette according to claim 7, wherein the stream ejection hole is a long stream ejection hole with φ0.2 mm-1.3 mm of circular hole structure having a single and multiple holes.

US 7,832,410 B2

7

**11**. The electronic atomization cigarette according to claim **7**, wherein the stream ejection hole is a short stream ejection hole with a diameter of 0.3 mm-1.3 mm.

**12**. The electronic atomization cigarette according to claim **1**, further comprising:

a piezoelectric element provided in the atomizer, wherein a stream passing through an ejection hole is atomized at a central vibration focus of the piezoelectric element to achieve an effect of strong ultrasonic atomization.

**13**. The electronic atomization cigarette according to claim **12**, wherein the piezoelectric element comprises a platen with a single layer.

**14**. The electronic atomization cigarette according to claim **12**, wherein the piezoelectric element comprises a platen with laminated layers.

**15**. The electronic atomization cigarette according to claim **1**, wherein the atomizer is surrounded by a porous body which can be made of foam nickel, stainless steel fiber felt, high molecule polymer foam and foam ceramic.

**16**. The electronic atomization cigarette according to claim **7**, wherein the heating element is made of platinum wire, nickel chromium alloy or iron chromium aluminum alloy wire with rare earth element.

**17**. The electronic atomization cigarette according to claim **7**, wherein the heating element is made into a sheet comprising ceramics.

**18**. The electronic atomization cigarette according to claim **1**, wherein the atomization cavity comprises a wall made of aluminum oxide.

**19**. The electronic atomization cigarette according to claim **1**, wherein the atomization cavity comprises a wall made of ceramics.

**20**. An electronic atomization cigarette, comprising:

a shell;

a mouthpiece;

an air inlet provided on the external wall of the shell;

a cell, an electronic circuit board, a normal pressure cavity, a sensor, a vapor-liquid separator, an atomizer, a liquid-supplying bottle arranged sequentially within the shell;

a stream passage provided on one side of the sensor;

a gas vent;

a negative pressure cavity provided in the sensor;

an atomization cavity arranged in the atomizer;

8

an aerosol passage provided on one side of the liquid-supplying bottle, wherein the liquid-supplying bottle is in contact with the atomizer; and

a through hole arranged on the vapor-liquid separator

wherein the air inlet, normal pressure cavity, vapor-liquid separator, atomizer, aerosol passage, the gas vent and mouthpiece are sequentially interconnected.

**21**. The electronic atomization cigarette according to claim **20**, further comprising:

a silicon gel check valve covering the outside of the through hole on the vapor-liquid separator.

**22**. The electronic atomization cigarette according to claim **20**, wherein the vapor-liquid separator is made of plastics.

**23**. The electronic atomization cigarette according to claim **20**, wherein the vapor-liquid separator is made of silicon rubber.

**24**. An electronic atomization cigarette, comprising:

a shell;

a mouthpiece;

an air inlet provided on the external wall of the shell;

a cell, an electronic circuit board, a normal pressure cavity, a sensor, a vapor-liquid separator, an atomizer, a liquid-supplying bottle arranged sequentially within the shell;

a stream passage provided on one side of the sensor;

a negative pressure cavity provided in the sensor;

an atomization cavity arranged in the atomizer; and

an aerosol passage provided on one side of the liquid-supplying bottle, wherein the liquid-supplying bottle is in contact with the atomizer;

wherein the air inlet, normal pressure cavity, vapor-liquid separator, atomizer, aerosol passage, gas vent and mouthpiece are sequentially interconnected and wherein a solution storage porous body is provided in the liquid-supplying bottle.

**25**. The electronic atomization cigarette according to claim **24**, wherein the solution storage porous body is filled with polypropylene fiber, terylene fiber or nylon fiber.

**26**. The electronic atomization cigarette according to claim **24**, wherein the solution storage porous body is filled with plastics that are shaped by foaming.

**27**. The electronic atomization cigarette according to claim **24**, wherein the solution storage porous body is molded into a column with laminated layers by polyvinyl chloride, polypropylene, polycarbonate.

\* \* \* \* \*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 6268 PSG (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Michael J. Wise, Bar No. 143501
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
310.788.9900

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands company, <br><br> PLAINTIFF(S) <br> v. <br> VAPOR CORP., a Nevada Corporation; LOAD AND FOLD dba MAGIC PUFFER, a New Jersey Corporation; GIL CYPHERT, an individual dba NU 1S; JEFFREY ORTH, an individual dba JANTY USA; JANTY USA, LLC, a Texas Limited Liability Company; CN CREATIVE LIMITED, a United Kingdom Company; INTELLICIG USA LLC, a Georgia Limited Liability Company; and DOES 1-10, inclusive, <br><br> DEFENDANTS | CASE NUMBER <br><br> LAC v 1 1 - 6 2 6 8 PSG (FFMc) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Michael J. Wise_____, whose address is _Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA  90067-1721_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _July 29, 2011_____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Michael J. Wise, Bar No. 143501
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
310.788.9900

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RUYAN INVESTMENT (HOLDINGS) LIMITED,
a British Virgin Islands company,

|                          |                |
|--------------------------|----------------|
| PLAINTIFF(S)             | CASE NUMBER    |

v.

VAPOR CORP., a Nevada Corporation; LOAD AND FOLD dba MAGIC
PUFFER, a New Jersey Corporation; GIL CYPHERT, an individual dba
NU 1S; JEFFREY ORTH, an individual dba JANTY USA; JANTY USA,
LLC, a Texas Limited Liability Company; CN CREATIVE LIMITED, a
United Kingdom Company; INTELLICIG USA LLC, a Georgia Limited
Liability Company; and DOES 1-10, inclusive,

DEFENDANTS

**LACV11-6268 PSG (FFMx)**

**SUMMONS**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney,  Michael J. Wise _____, whose address is
 Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA  90067-1721 .  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: July 29, 2011

By: _____
      SUSANA P. BUSTAMANTE
            Deputy Clerk

         *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              **SUMMONS**

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>RUYAN INVESTMENT (HOLDINGS) LIMITED,<br>a British Virgin Islands company, | DEFENDANTS<br>VAPOR CORP., a Nevada Corporation; LOAD AND FOLD dba MAGIC PUFFER, a New Jersey Corporation; GIL CYPHERT, an individual dba NU 1S; JEFFREY ORTH, an individual dba JANTY USA; JANTY USA, LLC, a Texas Limited Liability Company; CN CREATIVE LIMITED, a United Kingdom company; INTELLICIG USA LLC, a Georgia Limited Liability Company; and DOES 1-10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Michael J. Wise, Perkins Coie LLP,<br>1888 Century Park East, Suite 1700, Los Angeles, CA 90067-1721<br>310.788.9900 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff       ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement, 35 U.S.C. §§ 101, et seq., § 271.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **LACV11-6268**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☑ Yes
If yes, list case number(s):  CV11-0367  *GAF (FFM)*

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☑ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | British Virgin Islands |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nevada, New Jersey, Arizona, New York, Texas, Georgia, United Kingdom |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Michael J. Wise*          Date July 29, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |