UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands company,<br><br>Plaintiff,<br><br>v.<br><br>VAPOR CORP., a Nevada Corporation; LOAD AND FOLD dba MAGIC PUFFER, a New Jersey Corporation; GIL CYPHERT, an individual dba NU 1S; JEFFREY ORTH, an individual dba JANTY USA; JANTY USA, LLC, a Texas Limited Liability Company; CN CREATIVE LIMITED, a United Kingdom company; INTELLICIG USA LLC, a Georgia Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 11-06268 GAF (FFMx)<br><br>**ORDER GRANTING STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

By agreement and consent to the terms set forth herein by the parties hereto Plaintiff Ruyan Investment (Holdings) Limited ("Ruyan") and Defendants Jeffrey Orth, an individual dba Janty USA, and Janty USA, LLC ("Orth and Janty") (collectively, the "Parties") as set forth in the Stipulated Judgment and Permanent Injunction between the Parties—and full resolution of all claims having been reached, this Court hereby, ORDERS, ADJUDGES AND DECREES THAT:

1. This Court has jurisdiction over the Parties and the subject matter of this action, and venue is proper in the Central District of California.

2. The Parties have agreed that:

    a. Ruyan is the owner of the entire right, title, and interest in and to United States Patent No. 7,832,410 ("the '410 Patent"), and all of the claims thereof, are valid and enforceable; and

    b. Orth and Janty sold electronic cigarettes that directly infringed one or more claims of the '410 Patent.

3. By stipulation of the Parties, a Permanent Injunction is hereby entered in the present case, permanently restraining and enjoining Defendants Orth and Janty, its agents and employees, and all other persons and entities in active concert or participation with them who receive actual notice hereof by personal service or otherwise, from infringing, either directly or indirectly, or inducing infringement of or contributorily infringing any unexpired, valid claim of the '410 Patent, and from making, having made, importing, using, selling or offering to sell infringing e-cigarettes, including but not limited to the Janty DURA.

4. This Injunction shall be deemed to have been served upon Defendant Orth and Janty at the time of its execution by the Court.

5. The Court shall retain jurisdiction over Orth and Janty to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

6. Pursuant to Federal Rule of Civil Procedure 54(b), this Order constitutes a final judgment in this matter as to Janty and Orth.

7. Each side shall bear its own fees and costs of suit.

IT IS SO ORDERED.

DATED: January_6, 2012

_____
HON. GARY A. FEESS