**LINK: 75**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands company, | Case No. CV 11–06268 GAF (FFMx) |
| Plaintiff, | MEMORANDUM & ORDER REGARDING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| VAPOR CORP., a Nevada corporation; LOAD AND FOLD dba MAGIC PUFFER, a New Jersey Corporation; GIL CYPHERT, an individual dba NU 1S; JEFFREY ORTH, an individual dba JANTY USA; JANTY USA, LLC, a Texas Limited Liability Company; CN CREATIVE LIMITED, a United Kingdom company; INTELLICIG USA LLC, a Georgia Limited Liability Company; and DOES 1-10, inclusive, | |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Ruyan Investment (Holdings) Limited ("Ruyan") seeks entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Load and Fold dba Magic Puffer ("Load and Fold"), in this action alleging Defendant's infringement of U.S. Patent No. 7,832,410 ("the '410 Patent"), in violation of 35 U.S.C. § 271.  (Docket No. 1 [Compl.]; Docket No. 75 [Mem.])  Plaintiff seeks the entry of an order permanently enjoining Defendant from infringing the '410 Patent.  (Mem. at 5.)

After examining Plaintiff's relevant filings, the Court concludes that Ruyan is entitled to default judgment because it has satisfied all of the relevant procedural requirements, has pleaded sufficient facts in its Complaint to justify entry of default judgment, seeks remedies that the Court deems proper, and has shown that it is entitled to relief.  Accordingly, Plaintiff's application for default judgment is **GRANTED**.  The Court explains its reasoning in greater detail below.

## II.

## BACKGROUND

The following facts are those alleged in Plaintiff's Complaint and supported by evidence produced by Plaintiff in these proceedings.  By legal assignment, Ruyan owns U.S. Patent No. 7,832,410 ("the '410 Patent"), which relates to an electronic cigarette that contains nicotine, but not tar.  (Compl. ¶ 15, Ex. A.)  Defendant Load and Fold has infringed, contributed to the infringement of, and actively induced infringement of the patent by "itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '410 Patent, within and/or from the United States without permission or license from Ruyan, and will continue to do so unless enjoined by this Court."  (Id. ¶ 16.)  The infringing product is the Magic Puffer E-Cigarette electronic cigarette.  (Id. ¶ 18.)  Ruyan concedes that it is not clear from Defendant's web site that it continues to sell the infringing product.  (Mem. at 5.)  However, Ruyan has presented evidence that the web site continues to have a non-functional link to "e-cigarette." (Docket No. 75-1 [Wise Decl.] ¶ 3, Ex. A.)

Plaintiff filed its Complaint in this action on July 29, 2011.  (Docket No. 1.)  It served Load and Fold on August 8, 2011.  (Docket No. 11.)  Ruyan filed a request for entry of default against Load and Fold on September 15, 2011.  (Docket No. 18.)  The Court Clerk entered default against Load and Fold on September 16, 2011, for failure to respond or otherwise defend against the action.  (Docket No. 19.)  On August 10, 2012, Plaintiff filed the present motion for default judgment.  (Docket No. 75.)

**III.**

**DISCUSSION**

**A. PROCEDURAL REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT**

Rule 55(b) of the Federal Rules of Civil Procedure permits a court-ordered default judgment following the entry of default by the Court Clerk under Rule 55(a). Elektra Entm't Grp., Inc. v. Bryant, No. 03-6381 GAF (JTLx), 2004 WL 783123, at *1 (C.D. Cal. Feb. 13, 2004) (citing Kloepping v. Fireman's Fund, No. C 94-2684 THE, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)).  Local Rule 55-1 requires that the following information be set forth: (1) when and against what party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Civil Relief Act,[1] 50 App. U.S.C. § 521, does not apply; and (5) that notice of the motion has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  C.D. Cal. R. 55-1.

Here, Ruyan has satisfied all applicable procedural requirements.  The supporting declaration indicates that the Court Clerk entered default against Defendant as to the Complaint on September 16, 2011, and that Defendant is not an infant, incompetent person, or subject to the Servicemembers Civil Relief Act.  (Docket No. 87 [Sliger Decl.] ¶¶ 3–5.)  Because Load and Fold has not appeared in this action, Ruyan was not required to serve it with notice of its application for default judgment.  Fed. R. Civ. P. 55(b)(2).  Because the procedural requirements for entry of default judgment are met, the Court proceeds to weigh the merits of Plaintiff's motion.

**B. FACTORS USED TO DETERMINE WHETHER TO GRANT DEFAULT JUDGMENTS**

---

[1] The Servicemembers Civil Relief Act was formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940.

A district court has discretion to grant or deny a motion for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Thus, a defendant's default alone does not entitle a plaintiff to a court-ordered judgment. The Ninth Circuit has held that a district court must examine the following factors when determining whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). "In applying this discretionary standard, default judgments are more often granted than denied." PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

On a motion for default judgment, a court must presume the truth of all factual allegations in the complaint except for those pertaining to the amount of damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). Along with the complaint, the court may look to affidavits and declarations to determine whether default judgment is appropriate. See William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:91 (2010).

**1. POSSIBILITY OF PREJUDICE TO PLAINTIFF**

To satisfy the first Eitel factor, Plaintiff must show that it will face prejudice if the Court does not enter default judgment. Eitel, 782 F.2d at 1471–72. The Court borrows the standard of prejudice employed by courts when evaluating motions to set aside entry of default judgment—namely, whether a plaintiff's ability to pursue its claim will be hindered if the application for default judgment is not granted. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001). In other words, the plaintiff must show more than mere delay resulting from a denial of its application;

it must establish that it will suffer "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" if the application is denied.  Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433–34 (6th Cir. 1996). Additionally, courts have held that prejudice is shown where a plaintiff has no "other recourse for recovery" against the defendant.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The Court concludes that Ruyan would suffer significant prejudice if the Court were to deny its motion.  Notably, Ruyan will be left without other recourse for recovery.  See id.  If default judgment were not entered, Ruyan would have no way to protect its patented invention or prevent Defendant from marketing and selling products which utilize the '410 Patent.  Defendant would effectively be permitted to continue infringing Ruyan's federally issued patent without liability or consequence.  Because Ruyan would suffer substantial prejudice if default judgment were not entered, the first Eitel factor weighs in favor of granting default judgment.

### 2. SUBSTANTIVE MERITS AND SUFFICIENCY OF THE COMPLAINT

The second and third Eitel factors have been interpreted by courts to require a plaintiff to state a claim upon which he or she may recover.  Id. at 1175.  This means simply that the Court must examine the Complaint to determine whether Plaintiff has adequately pleaded its claims.

Under 35 U.S.C. § 271

> (a) . . . [W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

> (c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination

> or composition, or a material or apparatus for use in practicing a patented
> process, constituting a material part of the invention, knowing the same to be
> especially made or especially adapted for use in an infringement of such
> patent, and not a staple article or commodity of commerce suitable for
> substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271.

Ruyan's Complaint states a claim for patent infringement under U.S.C. § 271. Ruyan alleges and provides evidence that it owns, by proper assignment, U.S. Patent No. 7,832,410, which relates to an electronic cigarette that contains nicotine, but not tar. (Compl. ¶ 15, Ex. A.) Ruyan also alleges that Defendant has sold electronic cigarettes that infringe the '410 Patent. (Id. ¶ 18.) Thus, in light of the undisputed allegations, the Court finds that Ruyan has stated a claim upon which it may recover. The Court accordingly concludes that the merits and the sufficiency of Ruyan's Complaint weighs in favor of granting default judgment.

### 3. AMOUNT AT STAKE

The fourth Eitel factor requires the court to consider the amount of money at stake. Eitel, 782 F.2d at 1471–72. The Court must evaluate the amount at stake because default judgments are disfavored where the amount at stake "is too large or unreasonable in light of [the] defendant's actions." Truong Giang Corp. v. Twinstar Tea Corp., No. 06-03594, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

In its application for default judgment, Ruyan withdrew the demand for monetary relief asserted in its Complaint. (See Mem. at 5; Compl. ¶¶ 26, 28.) Thus, Plaintiff seeks only injunctive relief, and the fourth Eitel factor accordingly weighs in favor of entering default judgment.

### 4. POSSIBILITY OF DISPUTE

The fifth Eitel factor requires the Court to consider the possibility of disputes regarding material facts in the case. Eitel, 782 F.2d at 1471–72. As explained above,

upon entry of default, a court must presume the truth of all well-pleaded facts in the complaint except those relating to damages.  TeleVideo, 826 F.2d at 917–18.

Here, Plaintiff's Complaint, which the Court takes as true, alleges sufficient facts to establish Ruyan's claim for relief.  By failing to respond, Defendant has failed to rebut the presumption that Plaintiff's allegations are true.  Thus, no genuine dispute exists, or is likely to exist, regarding the material facts at issue in this case.  This Eitel factor therefore favors entering default judgment.

### 5. POSSIBILITY OF EXCUSABLE NEGLECT

In considering the sixth Eitel factor, the Court must account for the possibility that Defendant's default resulted from excusable neglect.  Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action, and that they be afforded an opportunity to present their objections before a final judgment is rendered.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Ruyan personally served Load and Fold with a copy of the Summons and Complaint, pursuant to Federal Rule of Civil Procedure 4, on August 8, 2011.  (Docket No. 11.)  Defendant has had ample time to resolve this matter by filing motions or interposing an answer, but has done nothing.  The Court thus concludes that Defendant's default was the result of an affirmative decision not to litigate the action rather than excusable neglect.  The sixth Eitel factor favors entering default judgment.

### 6. POLICY FAVORING DECISIONS ON THE MERITS

The seventh Eitel factor requires the Court to account for the policy favoring decisions on the merits.  Eitel, 782 F.2d at 1471–72.  The very existence of Rule 55(b), however, indicates that "this preference, standing alone, is not dispositive."  PepsiCo, 238 F. Supp. 2d at 1177 (internal quotation marks omitted) (quoting Kloepping, 1996 WL 75314, at *3).  Rule 55(a) permits a district court to render a judgment before adjudicating the merits of the case where the defendant fails to defend against the action.  Fed. R. Civ. P. 55(a); see also Schwarzer, supra, § 6:102, at 6-26.

1    Here, Defendant's failure to answer the Complaint or otherwise respond in this

2    matter renders the Court unable to adjudicate the case on the merits.  Accordingly, the

3    policy of deciding cases on the merits does not preclude the Court from entering default

4    judgment.

5         **7. CONCLUSION RE: EITEL FACTORS**

6         After analyzing each Eitel factor, the Court concludes that, on balance, the

7    factors weigh in favor of entering default judgment against Defendant.  Accordingly,

8    Plaintiff's application for default judgment is **GRANTED**.

9    **C. REMEDIES**

10        The Court proceeds to assess whether Plaintiff is entitled to the remedies it

11   seeks.  Under Federal Rule of Civil Procedure 54(c), remedies granted in a default

12   judgment "must not differ in kind from, or exceed in amount, what is demanded in the

13   pleadings."  Fed. R. Civ. P. 54(c).  Under Federal Rule of Civil Procedure 8(a)(3), a

14   plaintiff's demand for relief must be specific.  Fed. R. Civ. P. 8(a)(3); see also  Landstar

15   Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 923 (C.D. Cal. 2010).  In

16   addition, a plaintiff must "prove up" the amount of damages claimed.  Philip Morris

17   USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003).  These rules

18   limit the scope of relief and ensure fundamental fairness as required by due process of

19   law.  Schwarzer, supra, § 6:131, at 6-33.

20        Here, Plaintiff requests only injunctive relief.  The relief requested is

21   sufficiently specific, and does not differ in kind from the relief prayed for in Plaintiff's

22   Complaint, in compliance with Rules 8(a)(3) and 54(c).  (See Compl. at 7.)

23        Plaintiff seeks entry of a permanent injunction under 35 U.S.C. § 283.

24   (See Mem. at 5.)  Under that section, courts "may grant injunctions in accordance with

25   the principles of equity to prevent the violation of any right secured by patent."  35

26   U.S.C. § 283.  In addition, to obtain permanent injunctive relief, a plaintiff must prove

27   that (1) it has suffered irreparable injury; (2) remedies at law are inadequate; (3) the

28   balance of hardships favors granting injunctive relief; and (4) the public interest would

not be disserved by a permanent injunction.  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  The Court concludes that all four requirements are satisfied and that Ruyan is entitled to injunctive relief.

As alleged in the Complaint, Load and Fold has sold cigarettes which infringe the '410 Patent.  (Compl. ¶ 18.)  While Plaintiff cannot determine whether Defendant is presently selling infringing electronic cigarettes, Defendant's web site continues to house a link for an "e-cigarette."  (Mem. at 5; Wise Decl. ¶ 3, Ex. A.)  The harm that Plaintiff has suffered and may continue to suffer on account of the violation of its patent rights is irreparable.  Second, Ruyan has no adequate remedy at law.  As an initial matter, "[t]here is no reason to believe that [Defendant] will stop infringing, or that the irreparable harms resulting from its infringement will otherwise cease, absent an injunction."  Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1155 (Fed. Cir. 2011).  Additionally, given that Defendant has failed to answer the Complaint or respond to any of the motions in this case, this Court is skeptical that Ruyan could successfully collect a money judgment.  See Canon, Inc. v. GCC Intern. Ltd., 263 Fed. Appx. 57, 62 (Fed. Cir. 2008) (considering the improbability that the patentee could collect a money judgment as weighing in favor of an injunction).  Third, the balance of hardships weighs in Plaintiff's favor.  Ruyan has a properly issued patent covering the products and technology at issue in this case.  Defendant, on the other hand, has put forth no evidence that its products do not infringe the '410 Patent or that Defendant is somehow licensed to use the technology covered under the '410 Patent.  An injunction would only prevent Defendant from engaging in infringing conduct.  Fourth, a permanent injunction would advance the public interest by preventing further infringement of Ruyan's legally recognized patent.  Accordingly, Ruyan is entitled to a permanent injunction.

The Court must next determine the appropriate scope of the injunctive relief. Federal Rule of Civil Procedure 65 requires that "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms

specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). "[A]n injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiff[], rather than to enjoin all possible breaches of the law." Price v. City of Stockton, 390 F.3d 1105, 1117 (internal quotations, citation omitted).

The Court concludes that the requested relief is sufficiently narrowly tailored and concretely described.  The following relief is warranted: An injunction against Defendant Load and Fold and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant, restraining and enjoining them from infringing the '410 Patent, which includes making, using, importing, offering to sell and/or selling electronic cigarette products, such as the Magic Puffer E-Cigarette electronic cigarette, that embody one or more of the inventions claimed in the '410 Patent.

**IV.**

**CONCLUSION**

Consistent with the reasoning above, Plaintiff's application for default judgment is **GRANTED.**  Defendant is **ENJOINED** as set forth above.

**IT IS SO ORDERED.**

DATED: August 30, 2012

_____
Judge Gary Allen Feess
United States District Court